IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

KENNETH TOMA,

    Plaintiff,

v.      CV 106-145

COLUMBIA COUNTY, GEORGIA, and
JEFF BROWNING,

    Defendants.

# ORDER

The captioned removed case is before the Court on the parties' responses to a Show Cause Order entered by the Honorable Dudley H. Bowen, Jr., Senior United States District Judge, on February 7, 2007.[1] Therein, Judge Bowen deferred ruling on Defendants' Rule 12(c) "Motion for Partial Judgment on the Pleadings" (doc. no. 12), in which Defendants seek the dismissal of Plaintiff's state-law claims for mandamus relief. Noting that Plaintiff's federal claims failed to state a claim upon which relief could be granted, Judge Bowen: (1) ordered Plaintiff to show cause why his federal claims should not be dismissed *sua sponte* for patent lack of merit; and (2) informed the parties that, if Plaintiff's federal claims were dismissed, the Court would consider declining to exercise supplemental jurisdiction over Plaintiff's state-law claims

---

[1]Since the entry of Judge Bowen's Show Cause Order, the case has been reassigned to the undersigned. (See Order of Feb. 26, 2007.)

pursuant to 28 U.S.C. § 1367(c)(3).[2] (<u>See generally</u> Order of Feb. 7th.) In removed cases, if the district court declines to exercise supplemental jurisdiction under § 1367(c)(3), the remaining state-law claims should be remanded to state court. <u>Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.</u>, 402 F.3d 1092, 1123 (11th Cir. 2005).

In response, Plaintiff "concedes" that his federal claims are subject to dismissal and asks the Court to remand the remaining state law claims. (Pl.'s Resp. to Show Cause Order at 1.) In contrast, Defendants ask the Court to retain jurisdiction over the state law claims and grant their Rule 12(c) motion. Defendants contend that their motion is "straightforward," raises "no novel issues of law" and has been fully briefed before the Court. (Defs.' Reply to Pl.'s Resp. to Show Cause Order at 4.) Defendants also correctly point out that Plaintiff has not opposed their Rule 12(c) motion, and that the time in which to do so has long since expired. <u>See</u> Loc. R. 7.5.

As Plaintiff's federal claims are facially devoid of merit, and Plaintiff concedes that they should be dismissed, the federal claims are **HEREBY DISMISSED**. The Court next addresses whether Plaintiff's state law claims should be remanded. Under § 1367(c)(3), the Court has discretion to

---

[2] For the sake of brevity, the Court hereinafter assumes familiarity by the parties with Judge Bowen's Show Cause Order and the underlying claims and allegations in Plaintiff's complaint.

2

decline to exercise supplemental jurisdiction over any remaining state law claims once it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

In deciding whether to retain supplemental jurisdiction over state-law claims, the Court "should 'take into account concerns of comity, judicial economy, convenience, fairness, and the like.'" Crosby v. Paulk, 187 F.3d 1339, 1352 (11th Cir. 1999) (quoting Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996)). Defendant argues that these concerns weigh in favor of retaining jurisdiction. In deciding whether to exercise supplemental jurisdiction, however, the Court is mindful of the Eleventh Circuit's statement "that 'if the federal claims are dismissed prior to trial, [United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)] strongly encourages or even requires dismissal [or remand] of state claims.'" Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999) (quoting L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984)).

In Gibbs, the Supreme Court instructed:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed [or remanded] as well.

383 U.S. at 726 (footnotes omitted). Put plainly, "in the

3

usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988).

For the reasons below, the Court concludes that the best exercise of its discretion is to remand Plaintiff's state-law claims. The interests of comity weigh heavily in favor of declining to exercise jurisdiction, as "[s]tate courts, not federal courts, should be the final arbiters of state law." Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997). In this regard, the Court rejects Defendants' characterization of its Rule 12(c) motion as raising only "straightforward" issues. Defendants argue that Plaintiff's state-law mandamus claims fail because: (1) Plaintiff failed to give timely *ante litem* notice of his mandamus claims as required by O.C.G.A. § 36-11-1;[3] (2) his claims are barred under the applicable statute of limitations; and (3) under Georgia state law, "'mandamus relief applies prospectively only, and is unavailable to compel the undoing of acts already done.'" (Mem. in Supp. of Mot. to Dismiss at 4 (quoting Ianicelli v. McNeely, 272 Ga. 234, 235, 527 S.E.2d

---

[3] O.C.G.A. § 36-11-1 provides:

All claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, provided that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims.

4

189, 191 (2000)).)

However, the parties' briefs reveal several issues for further consideration. First, it is unclear whether O.C.G.A. § 36-11-1's *ante litem* notice requirement applies to Plaintiff's mandamus claims against Defendant Jeff Browning for reinstatement to employment. Section 36-11-1 applies to claims for monetary relief against counties, but it is unclear whether its *ante litem* notice requirement applies to claims for equitable or injunctive relief. To illustrate, O.C.G.A. § 36-33-5, a similar provision which imposes an *ante litem* notice requirement in suits against municipalities, clearly does not apply to claims for equitable or injunctive relief. See Dover v. City of Jackson, 246 Ga. App. 524, 526, 541 S.E.2d 92, 94 (2000) (holding that O.C.G.A. § 36-33-5 does not apply to claims for equitable relief); Thompson v. City of Atlanta, 219 Ga. 190, 192, 132 S.E.2d 188, 189 (1963) (noting that O.C.G.A. § 36-33-5 does not apply to claims for injunctive relief).

Furthermore, although Defendants correctly point out that Plaintiff seeks monetary relief from Defendant Columbia County and that his suit against Jeff Browning in his official capacity is in actuality a suit against the County, the Court notes that Plaintiff has also sued Defendant Browning in his individual capacity. In Georgia, mandamus is a personal action against a public official in his individual capacity; it cannot be brought against an office or

governmental entity.[4] Generally, Georgia's *ante litem* notice requirements apply to suits against governmental entities, not suits against individuals in their individual capacities. See Carter v. Glenn, 243 Ga. App. 544, 550, 533 S.E.2d 109, 116 (2000) (holding that O.C.G.A. § 36-33-5 does not apply to suits against individual employees of a municipality). Defendants cite no law for the proposition that § 36-11-1 applies to a petition for writ of mandamus seeking reinstatement to a prior position of employment, and the Court itself is aware of none. In sum, it is far from clear that Plaintiff's alleged failure to comply with § 36-11-1 is fatal to his mandamus claims.

Neither is it clear, as Defendants argue, that Plaintiff's mandamus claims are subject to O.C.G.A. § 9-3-33's one-year statute of limitations on actions for injury to reputation. Although Defendants correctly argue that statutes of limitations are applied to mandamus actions by analogy, see Wood v. City Bd. of Plumbing Exam'rs, 192 Ga. 415, 418, 15 S.E.2d 486, 488 (1941), it is unclear which statute of limitations a Georgia court would apply to Plaintiff's state-law claims. Most actions for injury to the person are subject to a two-year limitations period. See O.C.G.A. § 9-3-33. Claims for wrongful termination are subject to a four-year

---

[4] See Harper v. State Bd. of Pardons & Paroles, 260 Ga. 132, 133, 390 S.E.2d 592 (1990); Sanders v. Harper, 220 Ga. 649, 652, 141 S.E.2d 156, 159 (1965); Crow v. McCallum, 215 Ga. 692, 693-94, 113 S.E.2d 203, 206 (1960).

statute of limitations. See Hanna v. Savannah Service, Inc., 179 Ga. App. 525, 525, 347 S.E.2d 263, 264 (1986) (holding that, although defamation claim was untimely, wrongful termination claim was not time-barred). It is at least arguable that a Georgia court would apply a different limitations period than that argued by Plaintiff. Furthermore, Defendants have not addressed whether the statutory period should be tolled during the time in which Plaintiff pursued administrative remedies. (See Compl. ¶ 13; see also Defs.' Mot. to Dismiss Ex. A.) Thus, it is unclear whether a Georgia court would hold that Plaintiff's petition for writ of mandamus is time-barred.

Finally, although Defendants correctly state the principle of Georgia law that mandamus is not a means by which to compel the undoing of a past act, see, e.g., Bland Farms, LLC v. Georgia Dept. of Agr., 281 Ga. 192, 193, 637 S.E.2d 37, 39 (2006), it is unclear whether this principle bars Plaintiff's mandamus claims. Both the Georgia courts and the Eleventh Circuit have held that the writ of mandamus is available to the fired government employee who contends that he is entitled to reinstatement. See Cotton v. Jackson, 216 F.3d 1328, 1331-33 (11th Cir. 2000); City of Atlanta v. Lane, 276 Ga. 339, 341, 578 S.E.2d 420, 423 (2003); Wayne County v. Herrin, 210 Ga. App. 747, 755, 437 S.E.2d 793, 801 (1993). Defendants have not explained how these cases may be reconciled with their argument that the writ of mandamus

7

cannot be used to undo the termination of a former employee.

Simply put, it is not apparent that the cases cited by Defendants, Ianicelli, 272 Ga. at 235, 527 S.E.2d at 191, and Britton v. Regus, 270 Ga. 313, 509 S.E.2d 918 (1998), compel the dismissal of Plaintiff's claims. In Ianicelli, 272 Ga. at 235, the Georgia Supreme Court held that the writ of mandamus could not be used retroactively to invalidate an election which had already taken place. Thus, Ianicelli involved facts far-removed from the those of the instant case, as well as those employment-related cases (cited *supra*) which indicate that the writ of mandamus is a proper remedy.

Admittedly, Britton appears to be on point. In Britton, 270 Ga. at 313, 509 S.E.2d at 919, the Georgia Supreme Court approved (albeit without explanation) the trial court's holding that a "two-month delay between Britton's knowledge of his pending termination and the effective date of the termination was fatal to mandamus relief." However, the Georgia Supreme Court also approved the trial court's alternative holding that mandamus was not available because Britton had an adequate remedy at law.[5] Id. Thus, it is unclear how much weight the Georgia Supreme Court gave to the delay in determining that mandamus was not available. More importantly, it is unclear how Britton may be harmonized with those cases which hold that the writ of mandamus is the proper

---

[5] It is not contended in the instant case that Plaintiff has failed to exhaust any available administrative or legal remedies.

8

remedy for a government employee seeking reinstatement.

For all of the above reasons, the arguments raised in Defendants' motion present issues best resolved by a state court in the first instance. Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. The Clerk is instructed to **REMAND** this case to the Superior Court of Columbia County. The Clerk is also **DIRECTED** to tax Defendants' costs in removing this case against Plaintiff.

**ORDER ENTERED** at Augusta, Georgia, this \_\_\_20th\_\_\_ day of April, 2007.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE